FILED
CLERK U S DISTRICT COURT

JUL 1 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NEW FORM, INC., LAGUNA PRODUCTIONS, INC., | ) ) ) | CV 05-0067 SVW (AJWx) |
| Plaintiffs, | ) ) ) | ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION, FILED ON JULY 5, 2007, TO STRIKE |
| v. | ) ) | DEFENDANT VENTURA DISTRIBUTION, INC.'S ANSWER TO THE THIRD |
| COZUMEL FILMS, a California Limited Liability Company, et al., | ) ) ) ) | AMENDED COMPLAINT |
| Defendants. | ) ) ) | |
| | ) ) ) | |
| AND RELATED CROSS-ACTIONS | ) ) | |

## I.    INTRODUCTION

Plaintiffs New Form, Inc. and Laguna Productions, Inc. first filed this lawsuit on January 4, 2005.  The lawsuit relates to the alleged copyright infringement of five of Plaintiffs' Spanish language films.  One of the defendants in this action is Ventura Distribution, Inc. ("Ventura").

DOCKETED ON CM

JUL 1 3 2007

BY              010

On March 15, 2006, Judge Tevrizian granted in part Plaintiffs'
motion for summary judgment, which in effect established that Ventura
had engaged in the copyright infringement of Plaintiffs' five films.
On March 20, 2006, Plaintiffs allege that Ventura performed an
assignment of creditors that was ultimately purchased by a company
then-known as First Look Entertainment (now referred to as "First Look
Home Entertainment, Inc."). (Third Amended Complaint ("TAC") at 8.)

After the assignment, it appears that Ventura became uninterested
in or unable to defend this lawsuit. Ventura's prior counsel was
granted leave by Judge Tevrizian to withdraw from the lawsuit on June
5, 2006. [Docket No. 103.] The Court noted that Ventura's former
counsel had "not been given authority to continue defending Ventura
and, in fact, had been instructed by its president, Larry Hayes, to
cease all work on this case." (Id. at 11 (emphasis added).) Pursuant
to Local Rule 83-2.10.1, Judge Tevrizian ordered Ventura to file a
Notice of Appearance of Counsel not later than July 10, 2006. (Id. at
12.)

When Ventura failed to comply with Judge Tevrizian's order,
Plaintiffs filed a motion to strike Ventura's answer and to have
default entered against Ventura. [Docket No. 115.] On August 29, 2006,
Judge Tevrizian granted Plaintiffs' motion to strike and also entered
default against Ventura. [Docket No. 126.] A second amended complaint
was filed on December 6, 2006, [Docket No. 141.], to which Ventura did
not file an answer.

Ventura remained absent from the litigation until after the TAC
was filed on April 20, 2007. The TAC's substantive changes include:
(1) the formal addition of First Look Home Entertainment, Inc.

2

1  ("FLHE") as a defendant; (2) the paragraphs regarding FLHE's alleged

2  "successor liability" (paragraphs 30-38); and (3) a fraudulent

3  transfer claim solely against FLHE.  The Court set a trial date of

4  July 31, 2007, for "Phase I" issues (copyright infringement).

5      Approximately one month before the trial was set to commence,

6  Ventura suddenly reappeared and filed an answer to the TAC on June 28,

7  2007. [Docket No. 258.] Ventura has never moved to set aside the entry

8  of default, pursuant to Federal Rule of Civil Procedure 55(c).

9  Plaintiffs filed their ex parte application to strike the answer to

10  the TAC.  The Court issued a tentative minute order on July 6, 2007,

11  expressing its preliminary views on the matter.  The parties have now

12  fully briefed the Court.

13      For the reasons discussed below, the Court STRIKES Ventura's

14  answer to the TAC.

15

16  **II.   DISCUSSION**

17      A.   <u>Ventura's Answer is Procedurally Improper</u>

18      A party cannot simply file an answer to an amended complaint that

19  was filed subsequent to the entry of default.  The "[e]ntry of default

20  cuts off . . . [a defendant's] right to appear in the action or to

21  present evidence." Hon. William W. Schwarzer et al., California

22  Practice Guide: Federal Civil Procedure Before Trial, at 6-9.  As

23  stated long ago by the Fourth Circuit, "[w]hen a party is in default .

24  . . , the party himself has lost his standing in court, cannot appear

25  in any way, cannot adduce any evidence, and cannot be heard at the

26  final hearing." <u>Clifton v. Tomb</u>, 21 F.2d 893, 897 (4th Cir. 1927);

27  <u>see also</u> <u>Great Am. Ins. Co. v. M.J. Menefee Constr., Inc.</u>, 2006 WL

28

3

1  2522408, at *2 (E.D. Cal. Aug. 29, 2006) (same); <u>Cohen v. Murphy</u>, 2004

2  WL 2779942, at *1 (N.D. Cal. Apr. 20, 2004) (same).

3      When a party has been found in default, and desires to reappear

4  in the action, the Federal Rules of Civil Procedure provide for a

5  specific mechanism by which this may occur.  Under Rule 55(c), "[f]or

6  good cause shown the court may set aside an entry of default . . . ."

7  Fed. R. Civ. P. 55(c).  Ventura has never filed a motion to set aside

8  the entry of default.  The Court knows of no rule that allows Ventura

9  to short-circuit Rule 55(c), and file an answer, merely because the

10 Plaintiffs have filed an amended complaint after the entry of default.

11     Ventura's only procedural argument is based on Rule 5(a).  In

12 pertinent part, the rule states that:

13     No service need be made on parties in default for failure to

14     appear except that pleadings asserting new or additional claims

15     for relief against them shall be served upon them in the manner

16     provided for service of summons in Rule 4.

17 Fed. R. Civ. P. 5(a).  Based on this rule regarding <u>service of</u>

18 <u>pleadings</u>, Ventura somehow extrapolates that the filing of an amended

19 complaint with "new or additional claims" gives it the <u>per se</u> right to

20 submit an answer despite the fact that Ventura is in default.  This

21 argument is unpersuasive, and the Court has been offered no authority

22 that any statute or rule, including Rule 5(a), creates such a right.

23 While Ventura might be able to argue in a Rule 55(c) motion that any

24 "new or additional claims" in the TAC militates in favor of a showing

25 of good cause, the process cannot be wholly circumvented by filing an

26 answer.  See Hon. William W. Schwarzer et al., California Practice

27 Guide: Federal Civil Procedure Before Trial, at 6-10 ("The only

28 procedure available to the defendant is to file a motion to set aside

4

1   the default."). For this reason alone, Plaintiffs' ex parte

2   application must be granted.

3       B.   On the Merits

4       The Court also notes that, as currently formulated, Ventura would

5   be very unlikely to succeed on the merits of a Rule 55(c) motion.

6   Ventura's only substantive argument is that Paragraphs 30-38 of the

7   TAC add new allegations that could somehow change the liability it

8   previously faced in this action under the First or Second Amended

9   Complaints.  Despite being given a second chance to brief the issue by

10  the Court, Ventura has once again failed to establish how Paragraphs

11  30-38 are relevant to the copyright infringement claim.  In its

12  supplemental opposition, filed on July 9, 2007, Ventura could only

13  assert that "a jury which believed these allegations would be more

14  likely to also believe that Ventura committed willful copyright

15  infringement."  (Def. Supp. Opp. At 2.)

16      Having reviewed the allegations of the TAC, the Court cannot

17  agree with this assertion.  Paragraphs 30-38 merely describe

18  Plaintiffs' allegation that FLHE should be liable as Ventura's

19  "successor" as a result of an allegedly fraudulent assignment for the

20  benefit of creditors.  The Court recognizes that Plaintiffs refer to

21  Ventura's alleged participation in this matter.  However, Ventura's

22  assignment of assets in 2006 is utterly irrelevant to whether the

23  infringement of Plaintiffs' films from 2003 until early 2005 was

24  willful.  Plaintiffs concede this point in their reply brief: "[a]s

25  the Court pointed out and requested Plaintiffs to confirm, Paragraphs

26  30-38 only affect [FLHE's] liability on the fraudulent transfer claim,

27  not Ventura's liability for copyright infringement."  (Pls. Reply at

28

2.)[1]  In fact, the Court has even bifurcated this litigation into two phases: (1) copyright infringement; and (2) the successor liability/fraudulent transfer allegations against FLHE.  Given this bifurcation and Plaintiffs' concession, any evidence related to the assignment will be excluded if invoked as substantive evidence of Ventura's "willful" infringement.[2]  There is no "new or additional" claim that has been alleged against Ventura.

Ventura has also noted the fact that the successor liability allegations have been formally included by Plaintiffs under the heading of copyright infringement in the TAC.  But what Ventura "fails to recognize is that the court is not bound by labels which a party attaches to its complaint."  Hope Network v. United States, 2000 WL 637321, at *4 (W.D. Mich. Feb. 16, 2000); see also Bastien v. AT&T Wireless Servs., Inc., 205 F.3d 983, 987 (7th Cir. 2000) (same).  A successor liability claim, by any other name, is still a successor liability claim.  The Court does not accept that Paragraphs 30-38 were included in the "copyright infringement" section for the purpose of adding any "additional" liability as against Ventura, but may have been strategically placed in order to manufacture federal question jurisdiction against FLHE where none may in fact exist.  The mere

---

[1] FLHE has suggested in a joinder that Plaintiffs are arguing that the assignment of assets "is relevant to the question of the willfulness of Ventura's 2003 copyright infringement."  (FLHE Joinder at 3.)  This assertion is flatly contradicted by Plaintiffs' reply.

[2] Plaintiffs will also not be allowed to put on evidence supporting their allegations in Paragraphs 39-42 of the TAC.  In effect, the Court adopts FLHE's recommendation and believes it is self-evident that the assignment for the benefit of creditors is irrelevant to the Phase I trial on the question of infringement and willfulness.  (See FLHE Joinder at 3.)

6

1 | label assigned by Plaintiffs to Paragraphs 30-38 does not permit

2 | Ventura to reenter this litigation by filing an answer.

3 |     C.   Joinder by Hayes, Sussman, and Lynch

4 |     The Court has also received joinder by defendants Hayes, Sussman,

5 | and Lynch to Ventura's opposition.  These joinders are incredibly

6 | brief.  Both joinders merely state these defendants' concerns that if

7 | Ventura is not allowed to defend itself in this action, then they will

8 | be prejudiced.  As stated in their pleadings, "[s]hould Ventura be

9 | held liable for willful infringement, [Hayes, Sussman, and Lynch]

10 | could be held similarly liable based on the theory of vicarious

11 | liability."

12 |     These defendants have not offered any legal support for such

13 | assertions.  The Court also tentatively disagrees with this viewpoint.

14 | First, it is this Court's general understanding that one party's

15 | willfulness cannot be imputed to another in the context of vicarious

16 | or contributory infringement.  See 4 Melville B. Nimmer & David

17 | Nimmer, Nimmer on Copyright, § 14.04[B][3] ("Language in some of the

18 | legislative history supports the interpretation that the knowledge

19 | underlying willfulness must in fact be possessed by the person

20 | responsible for the infringing conduct."); see also id. § 12.04[A][2]

21 | ("Lack of knowledge that the primary actor is actually engaged in

22 | infringing conduct is not a defense under these circumstances.

23 | Nonetheless, absence of scienter may affect the remedies available.");

24 | Robert A. Hyde, A Reckless Disregard of the Ordinary Infringer?:

25 | Moving Toward a Balanced and Uniform Standard for Willful Copyright

26 | Infringement, 35 Univ. Toledo L. Rev. 377, 392 n.111 (2003) ("[A]

27 | defendant will only be liable as a willful infringer in a contributory

28 | or vicarious infringement scenario if he or she had actual knowledge

1   of the infringement."). Ventura's willfulness would therefore not

2   necessarily be enough to impute willfulness to Hayes, Sussman, or

3   Lynch. For example, in the context of peer-to-peer file sharing, the

4   Court is aware of circumstances in which the plaintiffs have attempted

5   to hold a defendant liable for willful vicarious or contributory

6   infringement. However, the Court does not recall any instance in

7   which the plaintiffs have tried to impute the willful infringement of

8   end-users (individuals uploading or downloading files) to the peer-to-

9   peer networks. The method of proving willfulness in such contexts is

10  to directly demonstrate the willfulness (or complicity) of the peer-

11  to-peer networks in the infringement. The same should be true here.

12  While vicarious liability for copyright infringement does not require

13  any finding of intent, it seems that an individual's willfulness must

14  be established in order for the enhanced statutory award to be applied

15  against him/her.

16      Second, the Court believes that even if a finding of willfulness

17  can be imputed to Hayes, Sussman, and Lynch, they will not be

18  prejudiced if default judgment is ultimately entered against Ventura.

19  In effect, Hayes, Sussman, and Lynch are concerned that Plaintiffs

20  could invoke the doctrine of collateral estoppel (or "issue

21  preclusion") based on a default judgment establishing Ventura's

22  willfulness. These defendants then fear that Plaintiffs will be able

23  to impute this willfulness to them without having to prove their case

24  at trial. Such an effort would not seem to be proper under the law:

25      A federal court decision has preclusive effect where "(1) the

26      issue necessarily decided at the previous proceeding is identical

27      to the one which is sought to be relitigated; (2) the first

28      proceeding ended with a final judgment on the merits; and (3) the

8

1  party against whom collateral estoppel is asserted was a party or

2  in privity with a party at the first proceeding."

3  <u>Kourtis v. Cameron</u>, 419 F.3d 989, 994 (9th Cir. 2005) (quoting

4  <u>Hydranautics v. FilmTec Corp.</u>, 204 F.3d 880, 885 (9th Cir. 2000)).

5  Since Ventura's "willfulness" has not been litigated against Hayes,

6  Sussman, or Lynch, the Court does not understand how a default

7  judgment against Ventura could bar litigation of the issue at trial

8  when it concerns Hayes, Sussman, and Lynch.  If necessary, Hayes,

9  Sussman, and Lynch would all be entitled to put on all evidence in

10  their possession tending to establish that Ventura did not act

11  willfully.

12  Furthermore, Hayes, Sussman, and Lynch have not explained to the

13  Court why their concerns are relevant (and appropriately considered)

14  in this ex parte application regarding <u>Ventura's answer</u>.

15  **D.   Joinder by FLHE**

16  While FLHE also filed a joinder in opposition to Plaintiffs' ex

17  parte application, the Court deems it moot based upon its decision to

18  exclude evidence of the assignment for the benefit of creditors from

19  Phase I.  The Court also notes that FLHE has failed to provide any

20  authority for its proposition that this Court should consider FLHE's

21  prejudice when deciding whether to strike Ventura's answer.  The Court

22  has not been given a single case by any party in which a <u>co-</u>

23  <u>defendant's</u> prejudice has been considered a relevant factor in setting

24  aside another's default.  When FLHE chose to purchase Ventura's

25  assets, but not its liabilities, it should have been aware that a

26  plaintiff might attempt to tie a shell corporation's liabilities to

27  the purchaser.  Finally, if FLHE truly believed it was proper to set

28  aside Ventura's default because of this potential prejudice, FLHE

9

could have filed a motion.  See 10 James Wm. Moore, Moore's Federal Practice, § .55.50[f] ("Normally, a motion to set aside a default is made by the defaulting party.  However, a non-defaulting party is not precluded from making such a motion.").  This comment also applies to Hayes, Sussman, and Lynch.

### E.   Willfulness Generally

It is also somewhat unclear to this Court whether Plaintiffs can automatically establish Plaintiffs' willfulness as a result of the entry of default judgment.  The parties may wish to consider the following.  "If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  10A Charles A. Wright et al., Federal Practice & Procedure, § 2688; see also Kelly v. Echols, 2007 WL 425363, at *3 (E.D. Cal. Feb. 7, 2007) (same).  To this Court's knowledge, willfulness is not an element of infringement, but only pertains to the permissible range of statutory damages.  If true, then it appears that even while in default, Ventura could contest the damages asserted against it.

"A defaulting party is entitled to be heard at the hearing on the amount of damages."  10 Moore, supra, § 55.22[3]; see also Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) ("It is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation.").  Although Ventura does not have a legal right to a trial on damages, the Court could in its discretion allow the jury to make this determination at the Phase I trial.  Wright et al., supra, § 2688 ("Thus, although defendant has no right to a jury trial on the question whether plaintiff should recover, a jury trial

10

1  may be appropriate with regard to the amount of the recovery."); see
2  also Fed. R. Civ. P. 55(b)(2) ("[T]he court may conduct such hearings
3  or order such references as it deems necessary and proper and shall
4  accord a right of trial by jury to the parties when and as required by
5  any statute of the United States.").

6      The issue might be better defined with further briefing, but the
7  Court is not fully convinced at this stage that Ventura will even be
8  prohibited from contesting its damages (and the related issue of
9  willfulness) at trial.  However, Ventura certainly could not contest
10  its actual copyright infringement while in default.[3]

11

12  **III. CONCLUSION**

13      For the foregoing reasons, this Court STRIKES Ventura's answer to
14  the TAC, which was filed on June 28, 2007, and is located at Docket
15  Number 258.  The TAC does not allege any new facts that are relevant
16  to Ventura's alleged willful infringement.  Ventura, and the other
17  pertinent defendants, have also failed to file a motion under Rule
18  55(c).

19  IT IS SO ORDERED.

20

21

22  DATED: 7/12/07

23                              STEPHEN V. WILSON
                                UNITED STATES DISTRICT JUDGE
24

25

26  _____

27  [3] The Court also questions why Plaintiffs have not filed an application
    for default judgment against Ventura even though default was entered
28  more than ten (10) months ago on August 29, 2006.